**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

JOSEPH WILLIAM ALFRED, a/k/a
Butter,

*Defendant-Appellant.*

No. 02-4624

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-01-827)

Submitted: March 17, 2003

Decided: March 28, 2003

Before WILLIAMS, TRAXLER, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

Benjamin T. Stepp, Assistant Federal Public Defender, Greenville,
South Carolina, for Appellant. Elizabeth Jean Howard, OFFICE OF
THE UNITED STATES ATTORNEY, Greenville, South Carolina,
for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Joseph W. Alfred pled guilty to possession with intent to distribute five grams or more but less than fifty grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1) (2000). The district court sentenced Alfred to eighty-seven months of imprisonment, to be followed by a five-year term of supervised release.

Alfred's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious grounds for appeal, but raising two issues: whether the district court complied with Federal Rule of Criminal Procedure 11 and whether the district court properly determined Alfred's offense level and sentence. Alfred filed a pro se supplemental brief also challenging his sentence and further arguing that the Government engaged in prosecutorial misconduct and that § 841 is unconstitutional.

Because Alfred failed to object or make a motion to withdraw his guilty plea, we review his plea hearing for plain error. *United States v. Martinez*, 277 F.3d 517, 524-27 (4th Cir.), *cert. denied*, 123 S. Ct. 200 (2002). Under the plain error standard, Alfred must show: (1) there was error; (2) the error was plain; and (3) the error affected substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Even when these conditions are satisfied, this court may exercise its discretion to notice the error only if the error "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks omitted).

The record establishes that the district court fully complied with Rule 11 and did not err in accepting Alfred's guilty plea. We further find that the district court correctly calculated the sentencing guideline range. Because the court properly applied the sentencing guidelines, and Alfred's sentence was within the statutory maximum

penalty, we decline to review the district court's decision to sentence Alfred at the high end of the guideline range. *See United States v. Porter*, 909 F.2d 789, 794 (4th Cir. 1990). Furthermore, we find that Alfred's claim under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is without merit.

Likewise, we conclude that Alfred's claim of prosecutorial misconduct fails because he has not shown that he was prejudiced by any improper prosecutorial conduct. *See United States v. Mitchell*, 1 F.3d 235, 240 (4th Cir. 1993). Finally, we find no merit in Alfred's argument that § 841 is unconstitutional. *See United States v. McAllister*, 272 F.3d 228 (4th Cir. 2001); *United States v. Leshuk*, 65 F.3d 1105, 1112 (4th Cir. 1995).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm Alfred's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*